UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANK HUEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN JOE EASTERLING, )<br>)<br>Respondent. ) | No. 3:08-0824<br>Judge Trauger |

MEMORANDUM

A. INTRODUCTION
AND
BACKGROUND

The petitioner, Frank Huey, is a prisoner in the Hardeman County Correctional Facility (Hardeman County) in Whiteville, Tennessee. He brings this action under 28 U.S.C. § 2254, naming Joe Easterling, Warden at Hardeman County, as the respondent.

The petitioner was convicted of one count of facilitation of first-degree murder, two counts of facilitation of attempted first-degree murder, two counts of aggravated assault, and one count of felony reckless endangerment. *State of Tennessee v. Frank E. Huey, et al.*, No. M2000-02793-CCA-R3, 2002 WL 517132, ** 1, 5 (Tenn. Crim. App.).[1] He was sentenced to fifty-one (51) years in the Tennessee Department of Correction. (Docket Entry No. 1, p. 7; No. 7, ¶ 3, p. 1; No. 8, p. 17) Judgment entered on July 12, 2000. (Docket Entry No. 7, ¶ 2, p. 1)

The Court of Criminal Appeals affirmed the petitioner's convictions on April 5, 2002, *Huey*,

---

[1] The pleadings are inconsistent with respect to the offenses for which the petitioner was convicted. (Docket Entry No. 1, p. 7; No. 7, ¶ 4, p. 1; No. 8, p. 17) However, the Tennessee Court of Criminal Appeals (the Court of Criminal Appeals) affirmed those convictions delineated above on direct appeal. Because the court was unable to conduct a proper initial review of the petition under Rule 4, Rules – Section 2254 Cases with the information provided, it was permissible for the court to refer to relevant state court opinions. Rule 4, Rules – Section 2254 Cases, 1976 Advisory Committee Note (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

2002 WL at * 1, and the Tennessee Supreme Court denied his application for permission to appeal on October 14, 2002 (Docket Entry No. 1, p. 7; No. 8, p. 17). The petitioner did not file a petition for a writ of *certiorari* in the United States Supreme Court. (Docket Entry No. 7, ¶ 9(f), p. 2)

The petitioner asserts that he filed a petition for state post-conviction relief on September 9, 2003. (Docket Entry No. 1, p. 7; No. 8, p. 17) An evidentiary hearing was held on March 23, 2005, following which the petitioner's request for post-conviction relief was denied on May 5 or 20, 2005.[2] (Docket Entry No. 1, pp. 7-8; No. 7, ¶ 11(a)(6), p. 3; No. 8, p. 17) The Court of Criminal Appeals affirmed the judgment of the post-conviction court on January 30, 2007, following which the Tennessee Supreme Court denied his Rule 11 application for permission to appeal on June 25, 2007. *Huey v. State of Tennessee*, No. M2005-01490-CCA-R3-PC, 2007 WL 258438, * 1 (Tenn. Crim. App.)(Docket Entry No. 1, p. 8; No. 8, p. 17).[3]

The envelope in which the petitioner mailed his petition to the district court is stamped as having been delivered to the prison mail room on August 15, 2008. This is the date that the petitioner is deemed to have filed his petition. Rule 3(d), Rules – Section 2254 Cases.

The petitioner concedes that his petition is untimely, and has asked that the one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) be equitably tolled. (Docket Entry No. 1, pp. 8-11; No. 8, p. 26; No. 10) The petitioner argues that his attorney did not advise him when the Tennessee Supreme Court denied his Rule 11 application on post-conviction, and that he did not learn that his Rule 11 application had been denied until he received

---

[2] The information provided in the pleadings is contradictory regarding when the post-conviction court denied the petitioner's request for post-conviction relief.

[3] The petitioner does not provide the information regarding when the Court of Criminal Appeals ruled on his appeal as of right from the post-conviction court. As previously noted, *supra* at p. 1 n. 1, where the petitioner fails to provide the information required to conduct a proper Rule 4 review, the court may refer to relevant state court opinions.

2

a letter from the Clerk of the Tennessee Appellate Courts (appellate court Clerk) on July 23, 2008. (Docket Entry No. 1, p. 8; No. 10, p. 2) By then, the one-year limitations period had run.

To assist the court in deciding the question of equitable tolling, the court directed the respondent to respond to the petitioner's request. (Docket Entry No. 13) The respondent filed a timely response in opposition to the petitioner's request for equitable tolling (Docket Entry No. 16), and a motion to dismiss the petition as time-barred (Docket Entry No. 17).

## II. ANALYSIS

Under the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* at (d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed will be counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). Moreover, when the state proceedings that tolled the limitations period concludes, the limitations period resumes at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

The petitioner asserts that he wrote a letter to his attorney on April 8, 2008 "requesting an update . . . about the case," but that his attorney "never responded . . . nor did he inform the petitioner that his [Rule 11] application had been denied." (Docket Entry No. 1, p. 8; No. 10, p. 2)

3

According to the petitioner, he did not learn of the Tennessee Supreme Court's ruling until July 23, 2008, when he received a letter from the appellate court Clerk. (Docket Entry No. 1, p. 8; No. 10, p. 2) The petitioner argues that he is entitled to equitable tolling because "[h]is attorney . . . abandoned [him] and failed to act in a diligent manner, leaving [him] unable to file a timely habeas corpus petition." (Docket Entry No. 1, p. 8; No. 10, p. 2)

The first question is whether the petition is, in fact, untimely. As previously noted, *supra* at p. 2, the petitioner did not file a petition for a writ or *certiorari* in the United States Supreme Court at the conclusion of direct appeal. Because the AEDPA's one-year limitations period is tolled during the 90-day period during which the petitioner may file a petition for a writ of *certiorari* in the United States Supreme Court, whether he does or not, the limitations period was tolled on direct appeal until Monday, January 13, 2003.[4] The one-year limitations period began to run the following day, on January 14, 2003.

The petitioner asserts that he filed a petition for state post-conviction relief on September 9, 2003. The one-year limitations period was tolled again on that date. However, from January 14, 2003 to September 8, 2003, the day before the petitioner filed his post-conviction petition, two hundred thirty-eight (238) days of the one-year limitations period had run.

The Tennessee Supreme Court denied the petitioner's Rule 11 application for permission to appeal on June 25, 2007. The one-year limitations period began to run again the following day, on June 26, 2007. Absent any further action in state court, the one-year limitations period ran until October 30, 2007 when it expired. When the petitioner filed his petition on August 15, 2008, he did so two hundred ninety (290) days after the one-year limitations period had run. In other words, the

---

[4] The ninetieth day fell on a Sunday; therefore, the tolling period was extended to Monday, January 13, 2003.

4

petitioner brought this action more than nine months late. The next question is whether the petitioner is entitled to equitable tolling.

The one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to *habeas corpus* petitions and may be equitably tolled, under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he . . . is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. More particularly, the Sixth Circuit held that equitable tolling was appropriate, but only after the court has "properly considered and balanced the factors set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), unless there is congressional authority to the contrary." *Dunlap,* 250 F.3d at 1009. The factors to be considered under *Andrews* are: 1) lack of actual notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) the petitioner's diligence in pursuing his rights; 4) absence of prejudice to the respondent; and 5) the reasonableness of the petitioner remaining ignorant of the notice requirement. *See Dunlap*, 250 at 1008; *Andrews*, 851 F.2d at 151.

The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

5

Finally, equitable tolling for *habeas corpus* petitions should be "applied sparingly." *Dunlap*, 250 F.3d at 1008.

The petitioner does not allege, nor can it be liberally construed from the pleadings, that he was unaware that the AEDPA imposed a one-year limitations period on the filing of federal *habeas corpus* petitions. Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the court is not required to conjure up facts where no facts are pled, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Accordingly, the petitioner fails to satisfy the first factor under *Andrews*.

Under Sixth Circuit precedent, federal *habeas corpus* petitioners are deemed to have constructive knowledge of the AEDPA's one-year filing requirement. *Yuknis*, 366 F.3d at 403 (relying on *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), overruled on other grounds by *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004), and *McClendon*, 329 F.3d at 490). Because the petitioner is deemed under Sixth Circuit precedent to have had constructive knowledge of the AEDPA's one-year filing requirement, he cannot satisfy the second factor under *Andrews*.

Turning to the third factor under *Andrews*, *i.e.*, the question of diligence, in his request for equitable tolling, the petitioner asserts that he "wr[ote] to . . . counsel requesting an update (most recently on April 8, 2008) about the case" (Docket Entry No. 10, p. 2), the inference being that he wrote to his attorney prior to April 8. Taking as true that the petitioner wrote to his attorney prior to April 8, the petitioner provides no facts from which it can be concluded that the petitioner wrote to the petitioner about the status of his Rule 11 application or, for that matter, his case on appeal from the judgment of the post-conviction court. As previously established, the court is not required to conjure up facts were no facts are pled. Absent any supporting facts, the petitioner's vague

6

reference to having written to his attorney prior to April 8 does not establish that the petitioner was diligent in protecting his rights prior.

The petitioner also asserts in his request for equitable tolling (Docket Entry No. 10, p. 2) that, had his attorney responded to the April 8 letter in a timely fashion, he "would have [h]ad nearly sixty days before the one-year statute of limitations expired." (Docket Entry No. 10, p. 2) The court liberally construes this statement to assert that the petitioner was diligent because he wrote the April 8 letter.

As previously shown, *supra* at p. 5, the one-year limitations period ended on October 30, 2007. Therefore, when the petitioner wrote the April 8, 2008 letter to his attorney, the petitioner was already 5-plus months late in filing his *habeas corpus* petition in district court. Consequently, the petitioner cannot rely on the fact that he wrote the April 8 letter to establish that he was diligent in pursuing his rights.

Turning to the April 8 letter itself, the petitioner has provided what is purported to be a handwritten copy of that letter. (Docket Entry No. 10, Ex. 1) Assuming that the copy is true and accurate, the petitioner makes no reference in the April 8 letter to any previous letters that he may have written to his attorney. The petitioner states only that "[t]he last correspondence that I received from you was on April 21, 2007." (Docket Entry No. 10, Ex. 1) It cannot be determined from this statement whether the April 21 correspondence was in response to a letter that the petitioner had written, or whether the April 21 correspondence was an unsolicited update on the status of the petitioner's case. As stated previously, the court is not required to read facts into a pleading where no facts are alleged.

The court turns its attention next to several letters that the petitioner wrote after he learned

7

that his Rule 11 application had been denied, letters in which the petitioner notes that he wrote to his attorney seeking information on the status of his case, and that his attorney did not advise him that his Rule 11 application had been denied. (Docket Entry No. 10, Ex. 2-4) These letters, written after the fact, are both self-serving and hearsay. As such, they do not constitute proof that the petitioner was diligent in preserving his rights.

The court notes here that the petitioner has submitted a sworn affidavit in support of his request for equitable tolling. (Docket Entry No. 12) In his affidavit, the petitioner attests that attorney Mark Kovach was appointed to represent him on post-conviction, including any appeal, and that the petitioner received notice from the appellate court Clerk on July 23, 2008 concerning the status of his case.[5] (Docket Entry No. 12) The affidavit is silent, however, regarding any letters that the petitioner may have written to his attorney in an effort to keep abreast of his case on appeal, or with respect to the petitioner's claim that his attorney did not respond to his requests concerning the status of his case. Neither has the petitioner provided an affidavit from his attorney, which would be the best evidence that the petitioner sought to remain aware of the status of his case, but that his attorney simply failed to notify him that his Rule 11 application had been denied.

For the reasons explained above, the petitioner fails to show that he was diligent in pursuing his rights. At best, his claims to that end are conclusory. Conclusory allegations are insufficient to entitle the petitioner to relief in a federal *habeas corpus* proceeding. *See e.g., Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Because the fourth factor under *Andrews* does not provide independent grounds for granting

---

[5] The letter from, Michael W. Catalano, Clerk of the Appellate Courts, establishes that the Clerk's letter was in response to the petitioner's request for information concerning the status of the case. (Docket Entry No. 10, Ex. 5)

8

the petitioner's request for equitable tolling, the court turns next to the fifth factor. As previously discussed, *supra* at p. 7, the petitioner is of the mistaken belief that he would have had up to 60 days to file his *habeas corpus* petition if his attorney had responded to his April 8 letter in a timely manner. This statement suggests that the petitioner believes the AEDPA's one-year limitations first began to run when the Tennessee Supreme Court denied his Rule 11 application on June 25, 2007.

This petitioner's statement shows that he is unaware that the 238-day period between the conclusion of direct review and when he filed his post-conviction petition counted toward the one-year limitations period. Inasmuch as the petitioner remains ignorant of the AEDPA's one-year filing requirement at this late date, it is clear that he was ignorant of the requirement at all times relevant to this action. The petitioner makes no effort to explain why his ignorance of the AEDPA's filing requirement is reasonable, nor can such an explanation be liberally construed from the pleadings. Consequently, the petitioner fails to satisfy the fifth factor under *Andrews*.

As previously noted, the enumerated factors under *Andrew* are not all-inclusive. Accordingly, the court turns to the petitioner's specific claim, *i.e.*, that his attorney failed to notify him that his Rule 11 application had been denied. For the reasons explained herein, the petitioner has, at best, established that his attorney mistakenly failed to notify him that his Rule 11 application had been denied. Unfortunately for the petitioner, attorney error is not adequate justification for equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'" (quoting *Whalen v. Randle*, 37 Fed.Appx. 113, 120 (6th Cir.2002))); *see also Elliott v. Dewitt*, 10 Fed.Appx. 311, 313 (6th Cir. 2001)("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.").

9

As previously established, the petitioner has the burden of proving that he is entitled to equitable tolling. The petitioner has failed to meet his burden of proof. Therefore, the petitioner's request for equitable tolling will be denied, and the respondent's motion to dismiss will be granted.

## Certificate of Appealability

When the district court denies *habeas corpus* on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right"; <u>and</u> 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that jurists of reason would not debate whether the court was correct in its procedural ruling. Therefore, a COA will not issue.

An appropriate order will be entered.

                                                Aleta A. Trauger
                                                United States District Judge

10

Case 3:08-cv-00824 Document 18 Filed 11/03/08 Page 10 of 10 PageID #: 219